## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MATTHEW JACK DWIGHT VOGT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 15-1150-JTM-GEB** |
| | ) | |
| CITY OF HAYS, KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of Hays' Motion to Stay this case pending its filing and disposition of a petition for writ of certiorari to the United States Supreme Court (**ECF No. 39**).  On March 29, 2017, the Court conducted a telephone conference to discuss the motion and the scheduling of this case.  Plaintiff appeared through counsel, Michael Miller and Morgan Roach.  Defendant appeared through counsel, David Cooper.  After review of the parties' briefing and considering the arguments of counsel, the Motion to Stay is **DENIED** as explained below.

## Background[1]

Although the background of this action has been thoroughly discussed in previous opinions (see ECF Nos. 29, 37), a brief recitation of the facts is prudent.  Plaintiff

---

[1] Unless otherwise indicated, the information recited in this section is taken from the pleadings (Compl., ECF No. 1), from the Memorandum and Order granting dismissal (ECF No. 29), and from the Tenth Circuit Court of Appeals Opinion (ECF No. 37; *Vogt v. City of Hays, Kansas*, 844 F.3d 1235 (10th Cir. 2017)).  The background information recited in this section should not be construed as judicial findings or factual determinations.

Matthew Vogt was employed by defendant City of Hays as a police officer, but in late 2013, while still employed by Hays, he sought employment with former defendant City of Haysville.  During the hiring process, Vogt disclosed to Haysville that he had kept a knife he obtained while working as a Hays police officer.  Former defendant Kevin Sexton, a police officer for Haysville, was directed by former defendant Jeff Whitfield, Chief of Police for Haysville, to extend an offer of employment to Vogt.  The offer of employment was conditioned upon Vogt reporting his possession of the knife to the Hays police department.

Upon reporting his possession of the knife to Hays, Vogt submitted his two weeks' notice of resignation to the Hays police department.  The Hays department opened an internal investigation regarding Vogt's possession of the knife, but informed Vogt the investigation was regarding policy violations and not a criminal investigation. Vogt then gave a statement concerning his possession of the knife.  The Hays department later suspended the internal investigation and requested a criminal investigation by the Kansas Bureau of Investigation, and turned all of the evidence, including Vogt's statements, over to the KBI.

As a result of the criminal investigation, Haysville withdrew its offer of employment. In early 2014, Vogt was charged with two felony counts related to his possession of the knife. At the probable cause hearing, Vogt's statements were used as evidence. The charges were dismissed after the court determined  there was no probable cause to support the charges.

**Procedural Posture**

Vogt brought this federal action against both the City of Hays and the City of Haysville, and multiple individual officers pursuant to 42 U.S.C. § 1983, alleging they violated his Fifth Amendment right to be free from self-incrimination. Defendants sought dismissal of the complaint on the basis that it failed to state a claim.

On September 30, 2015, Senior U.S. District Judge Monti L. Belot entered judgment for all defendants, finding the right against self-incrimination is only a trial right and Vogt's statements were used in pretrial proceedings, not in a trial. (ECF No. 29.) After Plaintiff appealed the dismissal, on January 4, 2017, the Tenth Circuit Court of Appeals affirmed in part and reversed in part that judgment. (ECF No. 37.)[2] The Tenth Circuit affirmed the dismissal of the individual officers and the City of Haysville, but reversed the dismissal of the City of Hays and remanded the case to this Court for further proceedings against the single defendant.

Following remand, this Court set the case for a scheduling conference (ECF No. 38). However, prior to the conference, Defendant filed its motion to stay (ECF No. 39), which Plaintiff opposes.

**Defendant's Motion to Stay (ECF No. 39)**

Defendant seeks to stay the scheduling and all other proceedings in this action to allow for the filing and disposition of its petition for a writ of certiorari to the United States Supreme Court. Because a circuit split exists over the definition of a "criminal

---

[2] *Vogt v. City of Hays, Kansas*, 844 F.3d 1235 (10th Cir. 2017).

case" under the Fifth Amendment, Defendant is hopeful the Supreme Court will take the case. Defendant contends, as a general rule, a stay of discovery is proper if a dispositive motion is likely to conclude a case, and analogizes its petition to a pending dispositive motion.

Plaintiff argues defendant applied the incorrect legal standard in its motion, and the court lacks the authority to stay the case, especially in light of the Tenth Circuit's mandate to proceed. Plaintiff also contends it is highly unlikely the Supreme Court will grant Defendant's request for review.

**Legal Standard**

Generally, whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.[3] However, as demonstrated below, both federal statute and caselaw from this District remove the Court's discretion to stay an action when mandated to act by the Court of Appeals.

A stay of execution of the appellate court's judgment is specifically addressed in 28 U.S.C. § 2101(f). This statute equips only an appellate court or a justice of the Supreme Court with jurisdiction to stay an appellate court's final judgment pending Supreme Court review of a petition for writ of certiorari:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the

---

[3] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

4

> Supreme Court. *The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . .* [4]

Two decisions in the District of Kansas have carefully analyzed 28 U.S.C. § 2101(f) and its limitations on the authority of the district court to stay a case following a mandate. In *Brinkman v. Dep't of Corr. of State of Kan.,*[5] the plaintiffs prevailed at trial and the Tenth Circuit affirmed the judgment. Following the issuance of the mandate, plaintiffs asked the District Court to direct payment by the bond guarantor to the plaintiff's attorney in the amount of the judgment against defendant plus interest and attorney's fees. Defendant asked the District Court to keep the previous stay, and bond, in effect pending action on its planned petition for writ of certiorari to the Supreme Court. In his decision denying the request for stay, Senior Judge Sam A. Crow discussed the changes in jurisdiction which occur during and after an appeal:

> A district court loses jurisdiction to vacate or alter its judgment pending appeal, but, upon issuance of the mandate, regains jurisdiction of the case to act consistent with the mandate. Conversely, the district court retains the authority throughout the pendency of the appeal to stay its judgment, but, upon issuance of the mandate, loses the power to stay the judgment.[6]

Judge Crow found, by seeking a stay, defendant essentially wished for this Court to stay the Tenth Circuit's mandate, but by the terms of 28 U.S.C. 2101(f), this Court lacked the jurisdiction to do so.[7]

---

[4] 28 U.S.C. § 2101(f) (emphasis added).

[5] 857 F. Supp. 775 (D. Kan. 1994).

[6] *Brinkman*, 857 F. Supp. at 776–77 (citing *Rakovich v. Wade,* 834 F.2d 673, 674 (7th Cir.1987); *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust,* 824 F.2d 765, 767 (9th Cir.1987); 16 Charles A. Wright, et al., *Federal Practice and Procedure* § 3987 (1994 Supp.); and *Gander v. FMC Corp.,* 733 F.Supp. 1346, 1347 (E.D.Mo.1990) (other internal citations omitted)).

[7] *Id.* at 777.

Similarly, in the 2008 case of *United States v. Wittig*,[8] District Judge Julie A. Robinson was faced with (among other issues) the criminal defendant's motion to stay his self-surrender date after the Tenth Circuit upheld his sentence of imprisonment. The defendant was preparing a petition for writ of certiorari to the Supreme Court, and he argued if he were to begin serving his sentence, any review by the Supreme Court may not occur until after he completed his sentence, making it impossible for him to truly obtain relief. Judge Robinson examined 28 U.S.C. 2101(f), and found "[t]he majority of courts addressing the issue, including this Court, have concluded that § 2101(f) does not permit a district court to exercise jurisdiction to stay a circuit court's final judgment pending filing or resolution of a petition for writ of certiorari."[9] The Court found,

> to grant such a stay under these circumstances would be inconsistent with the "mandate rule," which requires the district court to strictly comply with the mandate rendered by the reviewing court. Simply put, for this Court to grant the stay as requested would permit defendant to obtain in the district court relief that the Tenth Circuit specifically denied.[10]

It is with these standards in mind that the Court turns to the current motion.


## Analysis

Supporting its argument that a stay is appropriate, defendant ignores the above standards, and instead cites to a well reasoned, but inapplicable District of Kansas opinion. In *Wolf v. United States*,[11] the Court found it "appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is

---

[8] No. 02-40140-02-JAR, 2008 WL 5119986, at *1 (D. Kan. Nov. 25, 2008)
[9] *Id.* at *2.
[10] *Id.*
[11] No. 93–1406–FGT, 157 F.R.D. 494, 495 (D. Kan. 1994).

likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." However, in *Wolf*, the defendant filed a motion to dismiss and asked the Court to stay discovery until a decision was rendered on the dispositive motion. That case did not involve stay of an appellate court's mandate pending petition for writ of certiorari, and is clearly distinguishable from the relief presently sought.

As such, this Court finds 28 U.S.C. 2101(f) and its interpretation in *Brinkman* and *Wittig* control the disposition of Defendant's motion. In line with the majority of courts, this Court also concludes § 2101(f) does not permit it to exercise jurisdiction to stay the Tenth Circuit's final judgment pending the filing or resolution of Defendant's petition for writ of certiorari.[12] If the Defendant wishes to stay the mandate, it is free to seek stay from either the Tenth Circuit or the Supreme Court, but this Court is without jurisdiction to accommodate Defendant's request.

**IT IS THEREFORE ORDERED** that Defendant City of Hays' Motion to Stay (**ECF No. 39**) is **DENIED**. A separate Scheduling Order, governing the progress of the case, has been issued. (ECF No. 44.)

---

[12] *Wittig*, 2008 WL 5119986, at *2 (citing *United States v. Lentz,* 352 F.Supp.2d 718, 726 (E.D. Va. 2005) (collecting cases); and *Brinkman v. Dep't of Corr.,* 857 F.Supp. 775, 777 (D. Kan. 1994) (same)).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 5th day of April, 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge